IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Christopher S. Williams, #811481,  )
)
Petitioner,  )
)            Civil Action No. 2:23-cv-6931-BHH
v.  )
)                    **ORDER**
State of South Carolina,  )
)
)
Respondent.  )
_____ )

This matter is before the Court upon Petitioner Christopher S. Williams' pro se ("Petitioner") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 14, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court transfer the instant case to the United States District Court for the Eastern District of North Carolina for all further proceedings so the proper court can determine whether Petitioner's claims are actionable under § 2254. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 33) and transfers this action to the United States District Court for the Eastern District of North Carolina for all further proceedings.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 5, 2024
Charleston, South Carolina

2